UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY TORRES, TIMOTHY MANUS,
and GENE RUSHING, on behalf of themselves
and all others similarly-situated

    Plaintiffs,                      CIVIL ACTION NO.

v.

G4S YOUTH SERVICES, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JERRY TORRES, TIMOTHY MANUS, and GENE RUSHING ("Plaintiffs") on behalf of themselves and all others similarly-situated, by and through undersigned-counsel, herby bring this action against Defendant G4S YOUTH SERVICES, LLC ("Defendant"), and state:

### JURISDICTION AND VENUE

1. This is a collective action for damages exceeding $15,000 exclusive of interest and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 216(b).

2. Venue is proper in this court, because Defendant's headquarters are located in this District and all or a substantial part of the events giving rise to the claim, including the unlawful employment practices, occurred in this Judicial District.

### GENERAL ALLEGATIONS

3. Plaintiffs have satisfied all conditions precedent.

4. Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

5. At all times material hereto, Defendant was and is a for-profit corporation that is authorized to do business, and doing business, in the State of Florida with its corporate office located in Tampa, Florida.

6. At all times material hereto, Plaintiffs were employees of Defendant within the meaning of the FLSA.

7. At all times material hereto, Defendant was an employer as defined under the FLSA, 29 U.S.C. § 203{d).

8. Defendant continues to be an "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).

10. Defendant's annual gross volume of sales exceeds $500,000, at all times relevant to this action.

11. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by the Defendant.

## THE PARTIES

12. Plaintiff, Jerry Torres, is a resident of Sebring, Florida and was employed as a "shift supervisor" for Defendant from July 2012 to October 2015.

13. Plaintiff, Timothy Manus, is a resident of Sebring, Florida and was employed as a "shift supervisor" for Defendant from July 2014 to May 2015.

14. Plaintiff, Gene Rushing, is a resident of Avon Park, Florida and was employed as a "shift supervisor" for Defendant from December 2011 to May 2015.

15. Defendant is a Florida corporation with its headquarters in Tampa, and operates

juvenile justice facilities across the United States, including multiple locations in Florida.

16. The class of similarly situated employees consists of all "shift supervisors" employed by Defendant in any of its Florida locations in the past three years. These similarly situated persons are referred to as "Members of the Class" or "the Class."

## THE FACTS

17. Defendant employed Plaintiff Jerry Torres as a "shift supervisor."

18. Defendant employed Plaintiff Timothy Manus as a "shift supervisor."

19. Defendant employed Plaintiff Gene Rushing as a "shift supervisor."

20. Plaintiffs and other similarly situated employees worked hours over 40 in a week and were not compensated for these overtime hours. Specifically, Defendant incorrectly labeled Plaintiffs as exempt employees under the FLSA by giving Plaintiffs the title of "shift supervisor."

21. Although Plaintiffs were titled as "supervisors," Plaintiffs were not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiffs had no authority to hire or terminate any other employee of Defendant; they had no special or professional qualifications and skills for the use of which he was employed by Defendant; and they had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

22. Plaintiffs worked for Defendant in excess of forty (40) hours per week and were directed not to clock in for such hours. Plaintiffs received a salary that only accounted for 8 hour workdays.

23. Plaintiffs did not receive the minimum wage or overtime premium due for hours worked over 40 hours and were not compensated in accordance with the FSLA for hours worked

over 40.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiffs' bring this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of employees incorrectly classified as "supervisors" by Defendant.

25. Plaintiffs Jerry Torres, Timothy Manus, and Gene Rushing, on behalf of themselves and the Class, seek relief on a collective basis challenging Defendant's illegal overtime payment policy and practice.

26. Therefore, Notice is properly sent to: "All Supervisors of G4S Youth Services, LLC were incorrectly classified as exempt employees under the FLSA and/or who worked more than 40 hours per week during the period of December 1, 2012 to the present."

27. The total number and identities of the Class members may be determined from the records of Defendant and the Class may easily and quickly be notified of the pendency of this action.

28. Plaintiffs are similar to the Class because they and the Class have been unlawfully denied payment of the Federal overtime wage.

29. Plaintiffs' experience is typical of the experiences of the Class.

30. All potential members of the Class are entitled to compensation for all hours worked, including hours worked over 40, in accordance with the FLSA.

31. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts.

## COUNT I – FLSA OVERTIME VIOLATIONS

32. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 31 of this

Complaint as though fully set forth herein.

33. During the statutory period, Plaintiffs and similarly situated individuals worked overtime hours while employed by Defendant and were not compensated for these hours in accordance with the FLSA.

34. The actions of Defendant as set forth above in failing to pay overtime to Plaintiffs constitutes a violation of the FLSA, 29 U.S.C. § 207.

35. Defendant knew or should have known that its policies and practices relating to misclassification of employees violate the FSLA.

36. Defendant has not made a good faith effort to comply with the FSLA.

37. Rather, Defendant has knowingly, willfully, and/or with reckless disregard, carried out, and continues to carry out its misclassification practices.

38. As a result of the foregoing, Plaintiffs and similarly situated individuals have suffered damages.

**WHEREFORE**, Plaintiffs demand:

(a) Judgment against Defendant for an amount equal to Plaintiffs unpaid back wages at the applicable overtime rate;

(b) Judgment against Defendant that its violations of the FLSA were willful;

(c) An equal amount to the overtime damages as liquidated damages;

(d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(e) All costs and attorney's fees incurred in prosecuting these claims; and

(f) For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues and Counts.

Dated on this 2nd day of December, 2015.

Respectfully Submitted,

*/s/ Donna V. Smith*

**DONNA V. SMITH**
Florida Bar No. 0661201
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-386-0995
Facsimile No.: 813-229-8712
Email: dsmith@wfclaw.com
Email: bhollister@wfclaw.com
**Attorneys for Plaintiff**