UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY TORRES, TIMOTHY MANUS,
and GENE RUSHING, on behalf of
themselves and all others similarly situated,

                Plaintiffs,

v.                                       Case No:  8:15-CV-02779-MSS-EAJ

G4S YOUTH SERVICES, LLC,

                Defendant.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

The Plaintiffs, Jerry Torres ("Torres"), Timothy Manus ("Manus"), and Gene Rushing ("Rushing") (collectively the "Plaintiffs"), Jocquas Walker ("Walker"), and the Defendant, G4S Youth Services, LLC, ("G4S" or "Defendant"), hereby move for the Court to approve the parties' settlement agreements as they relate to the Plaintiffs' and Walker's claims for overtime compensation and damages under the Fair Labor Standards Act ("FLSA"). The parties, all of whom are represented by counsel, have agreed that the terms of the settlement agreements are mutually satisfactory and reasonable. The Court's approval of the settlement agreements and an entry of an Order dismissing this action, with prejudice, will consummate the settlement agreements between the parties.

**MEMORANDUM OF LAW**

**I.    Procedural and Factual Background**

The Plaintiffs filed their one-count complaint and demand for jury trial against the Defendant on December 3, 2015 alleging FLSA overtime violations. (Doc. 1). In their

complaint, the Plaintiffs allege that they were employed by the Defendant as shift supervisors and misclassified as exempt employees under the FLSA. (Doc. 1 at ¶¶ 17-19, 21). The Defendant answered and filed its affirmative defenses to the complaint on January 11, 2016 denying the Plaintiffs were entitled to any overtime compensation. (Doc. 6). As shift supervisors, also referred to as shift managers, the Defendant asserts the Plaintiffs were exempt from the FLSA's overtime mandates because they were employed in a bona fide executive capacity. *See* 29 U.S.C. § 213(a)(1).

The Court, on January 19, 2016, entered its FLSA Scheduling Order requiring, among other things, the exchange of specific discovery and for the Plaintiffs' and Defendant's counsel to meet and confer in a good faith effort to settle all pending issues. (Doc. 9).

On January 28, 2016 the Plaintiffs filed a motion for conditional certification and Court-authorized notice pursuant to 29 U.S.C. § 216(b). (Doc. 14). In a declaration filed in support of the motion, the Plaintiff Torres identified Walker as an individual who would be interested in joining the lawsuit. (Doc. 14-3 at ¶ 16). No other non-named plaintiff was identified as a current or former employee of the Defendant who would be interested in joining the lawsuit. Nor were any consents to join filed with the Court. The Defendant moved to stay the Plaintiff's motion for conditional certification so that the parties could comply with the Court's FLSA Scheduling Order. (Doc. 18).

On February 2, 2016 the Plaintiffs filed their verified answers to the Court's interrogatories. (Doc. 15); (Doc. 16); (Doc. 17). As an accounting of back wages for their

2

respective claims, excluding liquidated damages, fees, and costs, Manus sought $23,220.80,[1] (Doc. 15 at ¶ 7(e)), Rushing sought $94,650.00,[2] (Doc. 16 at ¶ 7(e)), and Torres sought $93,388.00,[3] (Doc. 17 at ¶ 7(e)). The Plaintiffs claimed that their counsel had billed $16,400.00 in attorneys' fees and they had $650.00 in costs. (Doc. 15 at ¶ 9); (Doc. 16 at ¶ 9); (Doc. 17 at ¶ 9).

On February 4, 2016 the Court entered its Order granting the Defendant's motion, (Doc. 18), in part, staying the Plaintiffs' motion for conditional certification, (Doc. 14), and directing the parties to confer regarding settlement in accordance with the FLSA Scheduling Order. (Doc. 19). If settlement is not reached, the Court directed the parties to file a Case Management Report and explained the Plaintiffs could then file a motion to reinstate their motion for conditional certification. (Doc. 19).

On February 16, 2016 the Defendant served to the Plaintiffs the time sheets and payroll records in its possession, custody or control that pertained to the work performed by the Plaintiffs during the time period for which they claimed unpaid wages. The documents produced by the Defendants show, among other things, that Manus was employed as a shift supervisor from November 24, 2014 through May 30, 2015 and paid a salary of $1,346.15

---

[1] Manus calculated his back wages by alleging he was owed 20 hours of unpaid overtime per week for 46 weeks at $25.24/hour (1.5 times his regular rate of $16.83). (Doc. 15 at ¶ 7(e)). The Defendant disagrees with the calculation, and specifically denies Manus was entitled to unpaid overtime compensation.

[2] Rushing calculated his back wages by alleging he was owed 30 hours of unpaid overtime per week for 125 weeks at $25.24/hour (1.5 times his regular rate of $16.83). (Doc. 16 at ¶ 7(e)). The Defendant disagrees with the calculation, and specifically denies Rushing was entitled to unpaid overtime compensation.

[3] Torres calculated his back wages by alleging he was owed 25 hours of unpaid overtime per week for 148 weeks at $25.24/hour (1.5 times his regular rate of $16.83). (Doc. 17 at ¶ 7(e)). The Defendant disagrees with the calculation, and specifically denies Torres was entitled to unpaid overtime compensation.

every two weeks for all hours worked,[4] Rushing was employed as a shift supervisor from January 26, 2012 through May 14, 2015 and paid a salary of $1,346.15 every two weeks for all hours worked, and Torres was employed as a shift supervisor from March 16, 2015 through October 7, 2015 and paid a salary of $1,346.15 every two weeks for all hours worked.[5] The Defendant maintains that as shift supervisors the Plaintiffs were exempt from the FLSA's overtime mandates because they were bona fide executive employees.

Pursuant to the Court's FLSA Scheduling Order, (Doc. 9), and February 4, 2016 Order, (Doc. 19), the parties conferred in person on March 4, 2016 regarding settlement. The parties continued settlement discussions after that meeting. Through those discussions, the Plaintiffs' counsel identified Walker as an individual she represented who was also seeking back wages for alleged unpaid overtime. The parties exchanged information regarding Walker and engaged in negotiations regarding settling any potential overtime claim he had. Walker was employed by the Defendant as a shift supervisor from January 25, 2012 through September 15, 2014 and paid a salary of $1,346.15 every two weeks for all hours worked. Walker took non-paid leave from May 20, 2014 through September 15, 2014. The Defendant maintains that as a shift supervisor Walker was exempt from the FLSA's overtime mandates as a bona fide executive employee.

On March 11, 2016 the parties requested an additional fourteen (14) days, up to and including March 25, 2016, to continue settlement discussions. (Doc. 23).

---

[4] Manus was employed by the Defendant in a non-exempt youth care worker position from July 7, 2014 through November 24, 2014. During that time, Manus was paid overtime compensation. Manus makes no claim for unpaid overtime wages related to his employment as a youth care worker.

[5] Torres was employed by the Defendant in a non-exempt youth care worker position from July 23, 2012 through March 16, 2015. During that time, Torres was paid overtime compensation. Torres makes no claim for unpaid overtime wages related to his employment as a youth care worker.

As a result of the settlement discussions, the parties were able to enter into settlement agreements for the Plaintiffs' and Walker's FLSA overtime claims, which are memorialized in the settlement agreements attached as Exhibits 1, 2, 3, and 4. The attached settlement agreements include every term and condition of the parties' agreements related to the Plaintiffs' and Walker's FLSA overtime claims. In total, the Plaintiffs and Walker will receive Sixteen Thousand Five Hundred Dollars and No Cents ($16,500.00) representing all alleged unpaid wages and liquidated damages for FLSA overtime violations, and Sixteen Thousand Seven Hundred and Fifty Dollars and No Cents ($16,750.00) representing all attorney's fees and costs related to the Plaintiffs' and Walker's FLSA overtime claims. The settlement payment will be broken down as follows:

- Manus will receive a total sum of One Thousand Three Hundred and Seventy-Five Dollars and No Cents ($1,375.00) minus legal deductions representing all alleged unpaid wages owed under the FLSA, and a total sum of One Thousand Three Hundred and Seventy-Five Dollars and No Cents ($1,375.00) representing all liquidated damages owed under the FLSA.

- Rushing will receive a total sum of Four Thousand Six Hundred Dollars and No Cents ($4,600.00) minus legal deductions representing all alleged unpaid wages owed under the FLSA, and a total sum of Four Thousand Six Hundred Dollars and No Cents ($4,600.00) representing all liquidated damages owed under the FLSA.

- Torres will receive a total sum of One Thousand Nine Hundred Dollars and No Cents ($1,900.00) minus legal deductions representing all alleged unpaid

5

>wages owed under the FLSA, and a total sum of One Thousand Nine Hundred Dollars and No Cents ($1,900.00) representing all liquidated damages owed under the FLSA.

- Walker will receive a total sum of Three Hundred and Seventy-Five Dollars and No Cents ($375.00) minus legal deductions representing all alleged unpaid wages owed under the FLSA, and a total sum of Three Hundred and Seventy-Five Dollars and No Cents ($375.00) representing all liquidated damages owed under the FLSA.

- The law firm of Wenzel Fenton Cabassa, P.A. will receive Sixteen Thousand One Hundred Dollars and No Cents ($16,100.00) representing repayment for attorney's fees and Six Hundred and Fifty Dollars and No Cents ($650.00) representing repayment for costs incurred to resolve this matter as it relates to the Plaintiffs' FLSA overtime claims.

The settlement proceeds will be paid within fifteen (15) business days of the Court's approval of the settlement agreements and dismissal of this action, with prejudice.

The attorney's fees were agreed to separately and without regard to the amount paid to settle the Plaintiffs' and Walker's FLSA overtime claims. The parties are not disputing the reasonableness of the settlement or the reasonableness of the attorney's fees and costs.

This parties' settlement represents a reasonable compromise of the Plaintiffs' and Walker's FLSA overtime claims. The parties agree that absent settlement substantial issues exist that would have been litigated, including whether the Plaintiffs and Walker were exempt from the FLSA's overtime mandates and, if not, the number of hours they worked in

a given workweek. The parties acknowledge that the settlement shall never for any purpose be considered an admission of liability or responsibility concerning any of the FLSA overtime claims referred to in the complaint, which liability is expressly denied by the Defendant, and no past or present wrongdoing on the part of any of the parties shall be implied by such settlement. The parties move the Court to approve the settlement of the FLSA overtime claims and to dismiss the above-referenced action with prejudice.

The Plaintiffs did not file a motion to reinstate their motion for certification. No putative class has been certified by the Court.

**II.     Legal Argument**

For overtime claims arising under the FLSA, the Court is required to approve any private settlement agreement. Specifically, in *Lynn's Food Stores v. United States Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit explained:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise the payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

(citations omitted). The court in *Lynn's Food* further held that "[i]f a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA . . . computation of back wages, that are actually in disputed; [it would] allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

7

The parties in this case were represented by competent counsel and the settlement amount and agreements were the subject of arms-length and adversarial negotiations. The parties agree that the settlement agreements reached between the parties represent a fair and reasonable resolution to the Plaintiffs' and Walker's FLSA overtime wage compensation, liquidated damages, and attorney's fees and costs. The parties further agree that the settlement agreements attached to this joint motion include every term and condition of the parties' agreement related to the Plaintiffs' FLSA overtime claims. The parties also agree that the settlement agreements reached advance judicial economy. Accordingly, the Court should approve the settlement agreements and dismiss this action with prejudice.

## CONCLUSION

The parties therefore respectfully request that this Court approve the parties' settlement agreements and dismiss this action with prejudice.

Respectfully submitted this April 21, 2016,

/s/ Donna V. Smith
**Donna V. Smith**
Florida Bar Number: 0661201
Direct No.: 813-386-0995
**Wenzel Fenton Cabassa, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, FL 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: dsmith@wfclaw.com
Email: mcambron@wfclaw.com
*Attorneys for Plaintiff*

/s/ Thomas M. Gonzalez
Thomas M. Gonzalez
Florida Bar No. 192341
Nathan J. Paulich
Florida Bar No. 85190
Thompson, Sizemore, Gonzalez
& Hearing, P.A.
One Tampa City Center
201 N. Franklin Street, Suite 1600
Tampa, Florida 33602
Telephone: (813) 273-0050
Facsimile: (813) 273-0072
tgonzalez@tsghlaw.com
npaulich@tsghlaw.com
*Attorneys for Defendant*