## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between Timothy Manus ("Manus") and G4S Youth Services, LLC ("G4S") (each may be referred to hereinafter individually as a "Party" or collectively as the "Parties").

### W I T N E S S E T H

WHEREAS, Manus was formerly employed by G4S; and

WHEREAS, Manus filed a lawsuit, *Jerry Torres, Timothy Manus, and Gene Rushing, on behalf of themselves and all others similarly situated, v. G4S Youth Services, LLC*, Case No. 8:15-cv-02779-MSS-EAJ, pending in the United States District Court for the Middle District of Florida (the "Action"); and

WHEREAS, G4S denies the allegations made in the Action, and denies any and all liability to Manus or any other party to the Action or otherwise included person; and

WHEREAS, Manus has voluntarily agreed to completely resolve with G4S the Action and any other claims he otherwise asserted or could have asserted.

NOW, THEREFORE, in consideration of the payment of monies and in further consideration of the promises, covenants, and releases hereinafter set forth, the receipt and sufficiency of which is specifically acknowledged, the Parties hereby agree to address and resolve this matter as follows:

1. **Consideration.** G4S agrees to pay, and Manus and his attorneys agree to accept, the total sum of **Six Thousand Nine Hundred and Thirty-Seven Dollars and Fifty Cents ($6,937.50) (the "Settlement Payment.")**. The Settlement Payment will be divided as follows: (1) One Thousand Three Hundred and Seventy-Five Dollars and No Cents ($1,375.00), minus all applicable withholdings and deductions, made payable to Manus for alleged unpaid wages, for which G4S will issue Manus a W-2; (2) One Thousand Three Hundred and Seventy-Five Dollars and No Cents ($1,375.00), made payable to Manus for alleged liquidated damages, for which G4S will issue Manus a 1099; and (3) Four Thousand One Hundred Eighty Seven Dollars and Fifty Cents ($4,187.50), made payable to Manus' counsel, Wenzel Fenton Cabassa, P.A., representing attorneys' fees and costs for the Action, for which G4S will issue Wenzel Fenton Cabassa, P.A. a form 1099. G4S will deliver checks in the amounts set forth above to Manus' counsel within fifteen (15) business days after (and only in the event that) all of the following conditions have occurred: 1) the execution of this Agreement and General Release by Manus; 2) the expiration of the 7 day revocation period set forth below; and 3) the Court's approval of this Agreement and the dismissal of the Civil Action. For avoidance of doubt, in the event any of the foregoing conditions do not occur all of G4S's obligations under this Agreement, including but not limited to any payment obligations herein, will be rendered null and void.

2. **Indemnification.** Manus agrees that he will pay and be fully responsible for, and indemnify and hold G4S and the Releasees described in Paragraph 3 of this Agreement, harmless from any liability for any state, federal or local taxes, penalties or fines



assessed against G4S that result from Manus' failure to pay any taxes for which he is or was obligated to pay by law. Manus understands and agrees that G4S is not providing tax nor legal advice, nor making representations regarding tax obligations or consequences, if any, related to this Agreement.

3. Release of Claims. In further consideration of the payment G4S has agreed to provide under this Agreement, Manus hereby releases and forever discharges G4S and its operating units, licensees, subsidiaries, parent companies, holding companies, related companies, affiliates, owners, controlling entities, predecessors, successors, assigns, benefit plans and programs, agents, attorneys, insurers, vendors, officers, directors, and employees (collectively, the "Releasees") from any and all demands, claims, liabilities, agreements, damages, losses, or expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, whether known or unknown (hereinafter "Claim" or "Claims"), that he has, may have had, or may later claim to have had against any of them for personal injuries, losses or damage to personal property, breach of contract (express or implied), breach of any covenant of good faith (express or implied), or any other losses or expenses of any kind (whether arising in tort or contract or by statute) resulting from his employment with G4S, or any other agreement, contract, circumstance or event arising on or prior to his execution of this Agreement.

This release includes, but is not limited to, any claims for back pay, liquidated damages, compensatory damages, or any other losses or other damages to Manus or his property resulting from any claimed violation of local, state, or federal law, including, for example (but not limited to), claims arising under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. §1981; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, amended by the Americans With Disabilities Act Amendments Act of 2008; the Age Discrimination in Employment Act of 1967; the National Labor Relations Act; the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*; the Internal Revenue Code of 1986; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*; the Fair Labor Standards Act, 29 U.S.C. § 213 *et seq.* (including the Equal Pay Act of 1963); the Fair Credit Reporting Act, 15 U.S.C. § 1681, the Patient Protection and Affordable Care Act 42 U.S.C. § 18001 *et seq*; the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. 2000ff; The False Claims Act of 1986, 31 U.S.C. § 3729 *et seq.*; the Florida Civil Rights Act; Florida's minimum wage law; all claims under any other applicable Florida law; and any other Claims under federal, state, or local law, including but not limited to claims of breach of contract or duty, promissory estoppel, fraud, misrepresentation, intentional or negligent infliction of emotional distress, wrongful or retaliatory discharge, defamation, slander, invasion of privacy, negligence, assault and battery. The foregoing release of Claims expressly includes a waiver of any right to recovery for the Claims released herein in any and all private causes of action and/or charges and/or in any and all complaints filed with, or by, any governmental agency and/or other person or tribunal.

Manus expressly agrees and understands that this release is a GENERAL RELEASE. Manus understands that by executing this Agreement, he is giving up any claims he may have against the Releasees for such things as employment discrimination and wrongful discharge, among others, regardless of whether he had ever asserted such claims before his execution of this Agreement and regardless of whether he knew he had such claims before his execution of this Agreement. If Manus files any claims, complaints, charges, grievances, arbitration demands or lawsuits against any of the Releasees for claims which are released by this Paragraph, he agrees that he will pay all fees, costs and expenses of defending against such claims, complaints, charges, grievances, arbitration demands or lawsuits incurred by the Releasees, including reasonable attorneys' fees.

4.  All Hours Worked During Employment. Manus agrees that he has been paid for all hours worked and all overtime and minimum wage compensation while employed by G4S and agrees that G4S does not owe him any other monies with regard to compensation associated for hours worked under the Fair Labor Standards Act ("FLSA").

5.  Covenant Not to Sue. Manus represents and agrees that he has not filed or raised any charges, complaints, claims, lawsuits (other than the Action), grievances, arbitration demands or actions against any of the Releasees with any federal, state, or local court or agency. Manus agrees that, except to the extent such right may not be waived by law, he will not commence any administrative or legal action seeking relief for any Claim released or waived by this Agreement.

6.  Re-employment Prohibited. Manus agrees that G4S and the Releasees have no obligation to reinstate, re-hire, or re-employ him in the future. Manus agrees not to apply for or accept an offer of employment (including any temporary, independent contractor, full-time, or part-time work) with G4S or any of the other Releasees and Manus expressly consents that G4S's or the Releasees' decision not to hire him does not constitute discrimination or otherwise unlawful conduct.

7.  Medicare and Medicaid Representation. Manus represents and warrants he is not, nor has he ever been, a Medicare beneficiary and that he is not currently receiving Social Security Disability benefits. Manus further represents and warrants he has not applied for Social Security Disability Benefits. Manus understands that the Medicare Secondary Payer Act (42 U.S.C. 1395y(b)) applies to any personal injury settlement involving a Medicare beneficiary. As part of the Act, Manus has an obligation to verify entitlement and resolve conditional payment, and the Released Parties have an obligation to report. Manus represents and warrants Medicare has made no conditional payments for any medical expense or prescription expense related to the Action. As part of this settlement, Manus agrees to indemnify, defend and hold the Released Parties harmless against and from any such Medicare reimbursement claims. Manus also represents and warrants he is not, nor has she ever been, a Medicaid recipient. Manus further represents and warrants Medicaid has not made any payment for any medical expense or prescription expense related to the Action. As part of this settlement, Manus agrees to indemnify, defend and hold the Released Parties harmless against and from any such Medicaid reimbursement claims.

8.  **Neutral Reference and Non-Disparagement.** G4S agrees to provide a neutral reference to employment reference seekers, specifically G4S will disclose only Manus' dates of employment, pay rate and job title. All reference requests must be directed to the Corporate Human Resource Administrator, Paul Brown, at (813) 514-6275. The Parties agree that any representations by any other individuals or entities shall not be those of G4S. Manus further represents that he will not, either orally or in writing, make defamatory or otherwise injurious statements concerning G4S (including G4S's employees). This provision is a material, essential and indispensable condition of this Agreement.

9.  **Return of G4S Property.** Manus represents and warrants that he has returned all property of G4S, including but not limited to all G4S electronic equipment, uniforms, identification badges, credit cards, keys, documents (in paper and electronic format), in his possession, custody or control.

10. **Entire Agreement.** This Agreement contains the entire agreement between the Parties regarding the matters set forth herein. No amendment or modification of the Agreement will be valid or binding unless made in writing and signed by all Parties.

11. **No Admission of Liability.** It is understood and acknowledged by all Parties that this is a settlement and compromise of disputed claims and is not and cannot be considered as an admission of liability or wrongdoing by any Party hereto; to the contrary, it is understood and acknowledged that all Parties expressly deny any liability to each other.

12. **Choice of Law.** This Agreement shall be construed as a whole according to its fair meaning and shall be interpreted, governed, and construed under the laws of the State of Florida without reference to its choice of law rules. The Parties intend this Agreement to be valid and binding in all respects. In the event a Party seeks to enforce the terms of this Agreement, the prevailing Party shall be entitled to attorneys' fees and costs, damages, and injunctive relief, if applicable.

13. **Severability.** The Parties agree that the terms of this Agreement are contractual and not merely recitals. Should any portion be found by a court of law to be invalid, void, illegal, contrary to law or public policy, or otherwise unenforceable, it is expressly agreed by the Parties that only such portion will be affected and the remainder of the Agreement will stand in full force and effect as if such unenforceable provision had never been contained herein.

14. **Waiver.** Any failure by the Parties on one or more occasions to enforce or require strict compliance with any of the terms and conditions of this Agreement will not constitute a waiver of any such terms or conditions at any future time and will not prevent any Party from insisting on strict compliance with such terms and conditions at a later time.

15. **Release of Age Discrimination Claims**

  a. <u>Time to Consider.</u>  Manus is advised that he has twenty-one (21) days to consider this Agreement.  Manus has been hereby advised in writing to consult with an attorney prior to executing it and Manus acknowledges that, prior to signing below, he did, in fact, consult with an attorney.  Having elected to execute this Agreement, to fulfill the promises set forth herein, and to receive thereby the consideration set forth in Paragraph 1 above, Manus freely and knowingly, and after due consideration, enters into this Agreement intending to waive, settle, and release all claims he has or might have against G4S and the Releasees.

  b. <u>Time to Revoke.</u>  Manus understands that he may revoke this Agreement for a period of seven (7) calendar days following the day he executes it.  Any revocation within this period must be submitted, in writing, to G4S's counsel, Nathan Paulich, via the following formats: (1) electronic mail at npaulich@tsghlaw.com; or (2) overnight delivery service (UPS or FedEx) to Nathan Paulich, 201 N. Franklin Street, Suite 1600, Tampa, Florida 33602. Manus understands that this Agreement is not effective until the expiration of such seven (7) day period and that if he does not revoke the Agreement during that period, this Agreement shall become effective the day following the expiration of the revocation period.

  16. <u>Counterparts.</u>  This Agreement may be signed in counterparts.

  IN WITNESS WHEREOF the Parties have hereunto set their hands and affixed their seals the day and year first above written as an expression of their intent to be bound by the foregoing terms of this Agreement.

_____
TIMOTHY MANUS

Date:  4-1-16

G4S YOUTH SERVICES, LLC

By: _John Sumner_
Its: _Assistant Secretary_

Date:  4-20-16